### McFARLAND v. STATE SAVINGS BANK et al.

(Circuit Court, D. Montana. April 1, 1904.)

No. 225.

1. DECREE PRO CONFESSO—VACATION.

Where a bill was taken pro confesso on demurrers being treated as insufficient for failure of the parties to make the affidavit required by equity rule 31, but no final decree could have been entered in favor of the complainants until one of the defendants who had not been served had been brought in, and defendants' failure to have the demurrer verified was the result of a mistake caused by lack of knowledge as to the proper mode of procedure in equity, defendants, on presenting answers on the merits, should be entitled to have the decree pro confesso vacated on payment of the costs of the suit to the date of their application.

Alex Mackel, for plaintiff.
McBride & McBride, for defendants.

KNOWLES, District Judge. The complainant, G. O. McFarland, filed his bill of complaint in this court on October 12, 1903. All of the defendants named in the bill, except Lulu F. Largey, were duly served with process, and appeared in the case, and filed demurrers to the bill, alleging several grounds of objection to the same. The solicitors for the appearing defendants certified that, in their opinion, their demurrers so interposed were well founded in point of law; but no affidavit was made by any of the defendants that said demurrers were not interposed for delay, as required under the provisions of equity rule 31 of the Supreme Court.

Complainant caused these demurrers to be set down for a hearing. Subsequently, however, but during the present term of court, he entered an order for taking the bill pro confesso. This action on the part of complainant treated the demurrers as of no force, on account of the failure of the parties to make the affidavit required by equity rule 31, supra. The appearing defendants now ask to be let in to file answers to the merits of the suit.

It is evident from an inspection of the bill that no decree fully determining all the rights of all the parties to this controversy can be had until Lulu F. Largey, one of the defendants herein, has been served with process. Under these circumstances, the complainant, at present, can have no final decree as against these appearing defendants.

As to the 1,000 shares of stock which it is charged should be held in trust for complainant, it does not appear as to who holds the same, be it Lulu F. Largey, Thomas M. Hodgens, or the State Savings Bank. It appears that this stock was assigned to Lulu F. Largey, and that she was to use the same as collateral security in obtaining a loan of money from the State Savings Bank. Whether it was so used is not disclosed by any allegations contained in the bill. Whether the State Savings Bank now holds said stock as a pledgee is also not disclosed by the bill.

There are certain interrogatories propounded in the bill to be answered by the defendants, but, in the matter of presenting these interrogatories, complainant fails to conform to the requirements of equity rule 41. No memorandum is found at the foot of the bill, requiring each of the defendants to answer any specific interrogatories. There are a good many other defects in the bill that might be noticed, which might cause some confusion in making answer to the same.

The defendants claim to have been surprised and to have made a mistake on account of rule 11 of this court, which requires a demurrer to be certified to by counsel, as in equity rule 31, but does not require an affidavit of good faith by one of the parties interposing the demurrer. This rule is placed under the head of common-law rules, and should not have been confounded by counsel with the rules governing equity proceedings. On account of the confusion made by this rule, it has been abrogated by the Circuit Court several years ago. Still it has been quite a common mistake on the part of attorneys who have been educated under the code system of pleading to fall into this error. In 5 Ency. Pl. & Pr. 1014, it is said: "Mere orders pro confesso are opened, much as a matter of course, upon a showing of surprise and a meritorious defense." Again, Id. p. 1015: "A decree pro confesso may be opened, and the defendant let in to answer, where his failure to appear or answer was due to the negligence of his solicitor." Whilst I cannot say in this case that there was any negligence on the part of the solicitors for these defendants, still there was a mistake, by reason of a lack of knowledge as to the proper mode of procedure on the equity side of this court, occasioned, perhaps, by the aforesaid common-law rule 11 of this court. The defendants have presented separate answers on the merits, and I think the case ought to be heard on the merits. It is a case involving a very considerable amount, and, under the circumstances presented, calls for some leniency and liberality on the part of the court. Leave is therefore given to the defendants to file their answers, upon the condition, however, that they pay the full amount of the costs thus far incurred in this suit.